COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WENDELL R. WATKINS, | § | |
| | | No. 08-07-00345-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. Three |
| VALERIE M. DEBUSK, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2007-J00027) |
| | § | |

**O P I N I O N**

This is an appeal from the trial court's dismissal for want of jurisdiction of Appellant's suit to recover damages allegedly arising from an automobile accident. We reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant Wendell R. Watkins (Watkins) filed his *pro se* petition in Justice Court of El Paso County, Precinct Two alleging damages resulting from a vehicle accident involving Appellee Valerie M. Debusk (Debusk). Following a bench trial, the court signed and entered a take-nothing judgment against Watkins on April 17, 2007. Watkins filed a notice of appeal in the Justice Court on April 25, 2007.

On May 7, 2007, counsel for Debusk faxed a letter to Watkins's counsel requesting that depositions in the case be postponed until the completion of written discovery. Counsel also stated in the letter, "[P]lease send me a copy of the appeal bond that was filed and approved by the Justice Court. I have not received notice that any such bond was filed." On May 11, 2007, the County Clerk's Office sent written notice that they had received the transcript from the Justice Court, and

that pursuant to Texas Rule of Civil Procedure 143a, Watkins was required to pay the cost of appeal amounting to $157 to the County Clerk within twenty days in order to perfect the appeal. Watkins paid $157 in costs to the County Clerk on May 16, 2007.

On June 20, 2007, Valerie Debusk filed her Plea to the Jurisdiction stating that no appeal bond had been filed. On June 25, 2007, Watkins got an appeal bond approved by the Justice Court in the amount of zero dollars and it was filed with the Justice Court.

On September 13, 2007, the Judge of County Court at Law Number Three granted Debusk's Plea to the Jurisdiction and dismissed the case for want of jurisdiction. On October 11, 2007, the trial court entered Findings of Fact which found, among other things, that Watkins's attorney was notified by Debusk's attorney on May 7, 2007 that no appeal bond had been received and was requested to send a copy. The court further found that this communication constituted sufficient notice that Watkins's attempt to appeal by filing a notice of appeal was defective; therefore, Watkins had actual notice that no appeal bond had been approved or filed yet he delayed in securing approval and in filing the appeal bond in the Justice Court until June 25, 2007.[1]

## II. DISCUSSION

In Watkins's sole issue on appeal, he asserts that the court erred in its decision to grant

---

[1] Finding of Fact number 4 stated:

On May 7, 2007, Plaintiff/Appellant's attorney was notified by Defendant/Appellee's attorney that no Appeal Bond had been received, and was requested to send a copy. At that time, no Appeal Bond existed. The Court finds this is sufficient notice that Plaintiff/Appellant's attempt to appeal was defective as a result of the missing bond. The Court further finds that Plaintiff/Appellant had actual notice that no Appeal Bond had been approved or filed, and chose to proceed forward regardless.

Conclusion of Law No. 13 stated:

As a result of Plaintiff/Appellant's failure to timely file an appeal bond, even after receiving written notice on May 7, 2007, the Court is without jurisdiction to hear this appeal and it must be dismissed.

Debusk's jurisdictional plea. Specifically, Watkins alleges that the filing of his notice of appeal combined with his paying the cost of appeal to the County Clerk constitutes a *bona fide* attempt to appeal. He also contends that this case falls within the provision of Rule 571 of the Texas Rules of Civil Procedure that "[t]he appeal shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five days after notice within which to correct or amend same." Watkins reasons that because he filed an appeal bond within five days of Debusk's filing her Plea to the Jurisdiction which noted that no appeal bond had been filed, his appeal bond is timely and his appeal was perfected.

The existence of the trial court's jurisdiction is a question of law. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The defendant may properly challenge the trial court's jurisdiction in a dilatory plea to the jurisdiction and thereby defeat the plaintiff's cause of action before the merits of the plaintiff's claims are determined. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Whether Watkins timely filed his appeal bond and thereby conferred jurisdiction on the County Court at Law presents a legal question, which we review *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

The Texas Rules of Civil Procedure provide the procedures for perfecting an appeal from a judgment of a justice court. *See* TEX.R.CIV.P. 571-574. In order to perfect an appeal to the county or district court from a justice court, an appellant must: (1) file an appeal bond as required by Rule 571 or file an affidavit of inability to pay under Rule 572; and (2) pay to the county clerk, within twenty days after being notified to do so by the county clerk, the costs on appeal as required by Rule 143a. *Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex.App.–El Paso 1993, no writ). Compliance with

both requirements is jurisdictional. *Id.*

Rule 571 provides in pertinent part:

The party appealing . . . shall within ten days from the date a judgment or order overruling motion for new trial is signed, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal. . . . The appeal shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five days after notice within which to correct or amend same.

TEX.R.CIV.P. 571.

However, we liberally construe the rules of appellate procedure to protect a party's right to appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). A court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a *bona fide* attempt to invoke the appellate court's jurisdiction. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). In *Linwood,* the appellant appealed from the district court to the court of appeals. The appellant filed a notice of appeal but failed to include the cost bond that was required at that time. *Linwood,* 885 S.W.2d at 102-03. The Supreme Court of Texas held that the timely filing of a notice of appeal was a *bona fide* attempt to invoke the appellate court's jurisdiction, and that even though the appellant later filed the cost bond fifty-three days after judgment, that court still had jurisdiction over the appeal. *Id.* at 103. The same situation was existent in the *Grand Prairie* case where the Supreme Court held that the appellate court was required to give the appellant an opportunity to correct the error by filing an appeal bond. *Grand Prairie,* 813 S.W.2d at 500.

The Supreme Court of Texas has held in appealing a forcible entry and detainer case from a justice court, that the factor which determines whether jurisdiction has been conferred on the

appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument "was filed in a *bona fide* attempt to invoke appellate court jurisdiction." *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex. 1989). In *Walker,* the Supreme Court held that in such an appeal from a justice court, when a tenant's pauper affidavit was timely filed but was deficient, the tenant should have been given a chance to correct the defect. *Id.* at 582. We find that Watkins has made a *bona fide* attempt to appeal.

But we note that a *bona fide* attempt does not indefinitely extend the time in which parties may extend the time to appeal; the correction must be made within the specified deadline provided in the statute. *See Verburgt,* 959 S.W.2d at 617. In *Verburgt,* the Supreme Court held that a motion to extend time to file an appeal bond is necessarily implied when the party, acting in good faith, files the bond beyond the time allowed by the rules but within the fifteen-day period provided to extend the time in which one can perfect the appeal. *Id.* The Court went on to state that the holding did not indefinitely extend the time to file the appeal; rather, once the period for granting a motion to extend has passed, a party can no longer invoke the appellate court's jurisdiction. *Id.*

The deadline provided in Rule 571 indicates that any correction regarding the appeal bond must be made within "five days after notice." TEX.R.CIV.P. 571. In the instant case, Watkins took corrective action by filing the appeal bond five days after Debusk filed her plea to the jurisdiction–within the time limit. However, Debusk maintains that Watkins actually received notice when she faxed the letter regarding the discovery matters and the request for a copy of the appeal bond. As such, more than five days elapsed after receiving notice. Debusk asserts that the County Court at Law's Finding of Fact that Watkins received sufficient notice that no appeal bond had been filed when Debusk sent the communication on May 7, 2007 is binding on this Court absent a challenge to the Finding of Fact by appropriate legal and sufficiency points. *See Dominguez v.*

*Castaneda,* 163 S.W.3d 318, 326 (Tex.App.–El Paso 2005, pet. denied). However, if a finding of fact is actually a conclusion of law, we may consider it for what it is. *See, e.g., Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607, 608 n.1 (Tex. 1979); *In re Office of Attorney General of Texas,* 264 S.W.3d 800, 805 (Tex.App.–Houston [1st Dist.] 2008, no pet.). As stated, whether Watkins timely filed his appeal bond and thereby conferred jurisdiction on the County Court at Law presents a legal question, which we review *de novo*. *See Mayhew,* 964 S.W.2d at 928. It follows that the question of the sufficiency of the notice to invoke the five-day correction period is a question of law. *See, e.g., State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984).

The notice given a party must conform to the requirement of due process of law, and that requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests. *In re A.Y.,* 16 S.W.3d 387, 388 (Tex.App.–El Paso 2000, no pet.). In *Heldt v. 12811 El Sendereo Trust # 0415022*, No. 04-04-00615-CV, 2005 WL 1458234 (Tex.App.–San Antonio June 22, 2005, pet. denied) (mem. op. not designated for publication), Sendero Trust filed a complaint for forcible detainer against Heldt in the justice court. The justice court granted summary judgment in favor of the trust in the amount of $3,300 plus $1,000 in attorney's fees. Heldt appealed to the county court. He filed an appeal bond, attempting to comply with Texas Rule of Civil Procedure 571. The trust filed a motion to dismiss, contending that Heldt's bond was insufficient in that it "is not made payable to [the trust] and is in the amount of $4300.00 which is less than the statutory amount required." The docket sheet in the clerk's record contained a notation that the motion to dismiss was heard, and that the trial court gave Heldt five days to file another bond in the amount of $10,000. However, no formal written order was entered. The trust filed a second motion to dismiss, contending that although the trial court had ordered Heldt to file another bond within five days of the July 16, 2004 hearing, Heldt had not complied, and the record

substantiated that Heldt had not filed another bond. A second hearing was held, and the trial court entered an order dismissing the cause with prejudice. *Id.,* at *1.

Heldt contended that the notice of defects or irregularities in procedure required by Rule 571 must be in a written order. The court held that Rule 571 does not provide for any specific type of notice and it was unaware of any authority requiring a particular form of notice to begin the five-day period to correct the bond. *Id.* The court stated that at the earliest, Heldt received notice that his bond was insufficient when the trust filed the first motion to dismiss on July 12, 2004. He also received notice at the first dismissal hearing when the trial court orally ordered Heldt to post another bond and when the second motion to dismiss was filed. He had five days to post a proper bond, he failed to do so. Therefore, the San Antonio Court of Appeals held that the trial court did not err in dismissing the appeal due to an insufficient bond. *Id.*

In the present case, we have a different circumstance. Unlike the situation in *Heldt,* the letter faxed to Watkins neither stated that no appeal bond had been filed nor did it indicate specifically that he had not complied with Rule 571. Rather, it requested a copy of the bond that had been filed, and stated that Debusk had not received notice that any such bond had been filed. The letter did not indicate that a dismissal was warranted nor did it request such dismissal. We find that the letter faxed by Debusk to Watkins did not serve to provide notice of defects or irregularities in procedure or of the failure to file an appeal bond. Watkins complied with the requirements of Texas Rule of Civil Procedure 571 by filing an appeal bond within five days once he was placed on notice with the filing of the plea to the jurisdiction. Accordingly, the court erred in dismissing the cause of action. Watkins's issue on appeal is sustained.

### III. CONCLUSION

We reverse the judgment and remand the cause to the trial court for further proceedings

consistent with this opinion.

GUADALUPE RIVERA, Justice

April 23, 2009

Before Chew, C.J., McClure, and Rivera, JJ.