COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| ASHLEY FURNITURE INDUSTRIES INC., BY AND THROUGH RBLS INC., D/B/A ASHLEY FURNITURE HOMESTORES, | § | No. 08-08-00045-CV |
| | § | Appeal from |
| Appellant, | § | County Court at Law No. 6 |
| v. | § | of El Paso County, Texas |
| THE LAW OFFICE OF DAVID PIERCE, | § | (TC # 2007-J00074) |
| Appellee. | | |

**O P I N I O N**

Ashley Furniture Industries Inc., by and through RBLS Inc., d/b/a Ashley Furniture Homestores, appeals from an order dismissing its appeal from justice court for failure to file a proper appeal bond. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

According to the pleadings filed in the justice court, the Law Office of David Pierce purchased a conference room table from Ashley in 2005. Less than a year later, Pierce noticed that the table had begun to crack and deteriorate. Ashley replaced the table, but the new table also began to crack. Pierce contacted Ashley again, but Ashley refused to cure or replace the defective table.

Pierce filed a statement of claim in the justice court alleging breach of contract and breach of warranty claims against Ashley. On November 5, 2007, the justice of the peace rendered judgment in favor of Pierce, awarding damages in the amount of $1,462.92, together with reasonable

attorney's fees of $750, and court costs in the amount of $72, for a total judgment of $2,285.92. On November 9, Ashley filed a notice of appeal in the county court at law and contemporaneously filed an appeal bond in the amount of $2,285.92. The justice court approved the bond on November 15.

On November 19, Pierce filed a motion to dismiss, contending that Ashley failed to perfect its appeal because it did not post a sufficient bond within ten days from the date the judgment was signed. Pursuant to the Rules of Civil Procedure, the requisite bond should have been twice the amount of the original judgment--$4,571.84. *See* TEX.R.CIV.P. 571. Pierce served Ashley with its motion by facsimile the same day. Ashley responded that the county court had jurisdiction to entertain the appeal because the justice of the peace had approved the bond. The trial court granted Pierce's motion and this appeal follows.

## DEFECT IN THE APPEAL BOND

In its sole issue for review, Ashley contends the trial court abused its discretion by dismissing the appeal without allowing it time to correct or amend the bond. Pierce responds that the appeal should be dismissed because the issue is inadequately briefed. Alternatively, Pierce maintains that the trial court properly dismissed the appeal because Ashley failed to file an amended bond within the time parameters set forth in Rule 571.

### *Waiver of Appellate Review*

We first consider Pierce's argument that the appeal should be dismissed because Ashley waived error when it failed to cite to any relevant portion of the record to support its complaints. An appellant's brief must contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the record. TEX.R.APP.P. 38.1(h); *see Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 559 (Tex.App.--El Paso 2007, no pet.)(brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to the

record); *City of Midland v. Sullivan*, 33 S.W.3d 1, 10 n.6 (Tex.App.--El Paso 2000, pet. dism'd w.o.j.)(appellant failed to brief complaint and thus waived appellate review). An appellant waives error when it does not provide appropriate citations to authorities or to the record. *In re M.J.G.*, 248 S.W.3d 753, 760 (Tex.App.--Fort Worth 2008, no pet.); *Torres*, 242 S.W.3d at 559. We construe the Rules of Appellate Procedure liberally, but an appellate court has no duty to search the record without sufficient guidance from an appellant to determine whether an assertion of reversible error is valid. *In re M.J.G.*, 248 S.W.3d at 760; *Dallas Independent School District v. Finlan*, 27 S.W.3d 220, 237 (Tex.App.--Dallas 2000, pet. denied). An appellate court has discretion to find an issue is waived due to inadequate briefing. *Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

Ashley's brief provides only one reference to the clerk's record and it is contained in a footnote: "See Generally Court Clerk's Record previously filed with the Court of Appeals." Although Ashley cites various exhibits which are attached to its brief and appendix, these are not a part of the official appellate record and cannot be considered. *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism.); *see* TEX.R.APP.P. 34.1. Although Ashley has waived the sole issue for review, we will exercise our discretion to review the merits because the clerk's record is relatively short.

*Dismissal of Appeal*

Ashley first contends that the trial court abused its discretion by granting Pierce's motion to dismiss based on a deficient bond without allowing Ashley time to amend. Secondly, it complains that the trial court never pronounced the bond defective so as to trigger the five-day amendment period under Rule 571.

*Standard of Review*

We first disagree with Ashley that we are to review the trial court's judgment for an abuse of discretion. To the contrary, we review the dismissal predicated on a deficient appeal bond under a *de novo* standard. *See Watkins v. Debusk*, 286 S.W.3d 58 (Tex.App.--El Paso 2009, no pet.); *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The existence of a trial court's jurisdiction is a question of law. *Watkins*, 286 S.W.3d at 60. The sufficiency of the notice to invoke the five-day correction period is also a question of law which we review *de novo*. *Id*. at 62.

*Applicable Law*

To perfect an appeal from justice court to county court, an appellant must: (1) file an appeal bond as required by Rule 571 or file an affidavit of inability to pay under Rule 572; and (2) pay to the county clerk, within twenty days after being notified by the county clerk to do so, the costs on appeal as required by Rule 143a. TEX.R.CIV.P. 571; *Watkins*, 286 S.W.3d at 60, *citing Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex.App.--El Paso 1993, no writ). Rule 573 provides that an appeal is perfected when the bond has been filed and all requirements of Rule 571 have been satisfied. TEX.R.CIV.P. 573. To comply with Rule 571, an appellant must file an appeal bond with the justice of the peace in an amount equal to twice the amount of the judgment within ten days from the date the judgment is signed. TEX.R.CIV.P. 571.

If an appeal contains defects or irregularities in procedure, either of form or substance, the

appeal shall not be dismissed without allowing an appellant five days after notice within which to correct or amend the defective appeal. TEX.R.CIV.P. 571. Rule 571 does not provide for any specific type of notice. *Watkins*, 286 S.W.3d at 62, *citing Heldt v. 12811 El Sendereo Trust # 0415022*, No. 04-04-00615-CV, 2005 WL 1458234 at *1 (Tex.App.--San Antonio June 22, 2005, pet. denied)(mem. op. not designated for publication). The notice must conform to due process which is met if the notice prescribed affords the party a fair opportunity to appear and defend its interests. *Watkins*, 286 S.W.3d at 62; *In re A.Y.*, 16 S.W.3d 387, 388 (Tex.App.--El Paso 2000, no pet.). Compliance with each requirement of Rule 571 is jurisdictional. *See Almahrabi*, 868 S.W.2d at 10. If one of the prerequisites is not met, and the defect is not corrected within five days of notice, the county court lacks jurisdiction to hear the appeal and it must be dismissed. *See William v. Schneiber*, 148 S.W.3d 581, 583 (Tex.App.--Fort Worth 2004, no pet.).

*Analysis*

Ashley first argues that it properly perfected appeal. While it filed a bond with the justice of the peace within ten days from the date the judgement was signed, it failed to post bond in the correct amount. Regardless of whether the justice of the peace approved the bond, Ashley was required to meet all of the requirements of Rule 571. TEX.R.CIV.P. 571, 573. Because it failed to do so, the appeal was not perfected.

Alternatively, Ashley contends that because the trial court never pronounced that the bond was defective, the five-day correction period was never triggered. But Rule 571 does not require the *trial court* to pronounce that the bond was defective. *See* TEX.R.CIV.P. 571. Although the rule requires notice, it does not provide for any specific type of notice. *See* TEX.R.CIV.P. 571; *Watkins*, 286 S.W.3d at 62, *citing In re A.Y.*, 16 S.W.3d at 388.

Two cases provide guidance in deciding the issue before us. In *Heldt*, Sendero Trust filed

a complaint for forcible detainer against Heldt. The justice court granted summary judgment in favor of the Trust in the amount of $3,300 plus $1,000 in attorney's fees. When Heldt appealed to the county court, he filed an appeal bond in the amount of $4,300. The Trust filed a motion to dismiss, claiming that Heldt's bond was insufficient because (1) it was not made payable to Sendero Trust; and (2) it was in an amount less than the statutory amount required. The docket sheet in the clerk's record contained a notation that the motion was heard and that the trial court gave Heldt five days in which to post bond in the amount of $10,000. No formal written order was entered. The Trust filed a second motion to dismiss based on Heldt's failure to file another bond and the trial court dismissed the appeal with prejudice. The appellate court affirmed, holding that Heldt received notice that his bond was insufficient when the Trust filed the first motion to dismiss. *Heldt*, 2005 WL 1458234 at *1. He also received notice when the trial court orally ordered him to post another bond, and yet again when the second motion to dismiss was filed. *Id.*

We addressed a similar issue in *Watkins*. Watkins filed a petition in justice court alleging damages resulting from a vehicular accident involving Debusk. *Watkins*, 286 S.W.3d at 59. Following a bench trial, the justice court entered a take-nothing judgment against Watkins on April 17, 2007. *Id.* Watkins filed a notice of appeal in the justice court on April 25, but did not file an appeal bond. *Watkins*, 286 S.W.3d at 59. On May 7, Debusk's attorney faxed a letter to Watkins' counsel regarding certain discovery matters and also stated: "[P]lease send me a copy of the appeal bond that was filed and approved by the Justice Court. I have not received notice that any such bond was filed." *Id.* On June 20, Debusk filed a plea to the jurisdiction alleging that no appeal bond had been filed. *Id.* On June 25, Watkins obtained an appeal bond of $0 which was approved by the justice court. *Id.* Despite the filing of the bond, the county court granted Debusk's plea to the jurisdiction and dismissed the appeal for want of jurisdiction. *Id.* The trial court found that Watkins

received the letter on May 7, and that this communication constituted sufficient notice of procedural defects. *Id.* We found the fax to be insufficient because the letter did not say that no appeal bond had been filed, nor did it indicate that Watkins had not complied with Rule 571. *Id*. at 62. We concluded that Watkins had complied with Rule 571 by filing a bond within five days once he was placed on notice by the filing of the plea to the jurisdiction. *Id*.

In both of these cases, the appellant received sufficient notice when the party opposite either filed a motion to dismiss for want of jurisdiction or a plea to the jurisdiction. *Watkins*, 286 S.W.3d at 62; *Heldt*, 2005 WL 1458234 at *1. We conclude that Ashley had sufficient notice when Pierce filed and served the motion to dismiss on the precise ground that Ashley had not perfected its appeal pursuant to Rule 571 because it had not posted a bond equal to twice the amount of the original judgment. Ashley had five days from the date of the facsimile transmission to correct or amend the bond. It failed to do so. Thus, the county court lacked jurisdiction of the appeal and properly granted Pierce's motion to dismiss. TEX.R.CIV.P. 571. We overrule the sole point and affirm the judgment of the trial court below.

February 3, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.