COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOE ROWE, | § | No. 08-09-00001-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court |
| KARA WATKINS, | § | of Jeff Davis County, Texas |
| Appellee. | § | (TC# 293) |
| | § | |

## **O P I N I O N**

Appellant, Joe Rowe, appeals the county court's judgment awarding ownership of a female dog named Sara to Appellee, Kara Watkins. Finding that Watkins failed to perfect her appeal from the justice court to the county court, we hold that the county court never obtained jurisdiction and therefore, erred by failing to grant Rowe's plea to the jurisdiction. Accordingly, we vacate the county court's judgment and reinstate the justice court's judgment that awarded ownership of Sara to Rowe.

## **BACKGROUND**

We recently set out the facts of this case in our opinion on Rowe's supersedes bond. *See Rowe v. Watkins*, 324 S.W.3d 111 (Tex. App. – El Paso 2010, no pet.). There, we noted that this case began as a dispute over Sara's ownership when Rowe took possession of the dog from Watkins in June of 2007, when Watkins moved from her home in Fort Davis, Texas to Alaska. *Id*. at 112. When Watkins returned to Texas the following May, she went to Rowe's home to take Sara back. *Id*. The two parties argued over the dog, and a physical altercation ensued. *Id*.

*Procedural History*

Rowe subsequently filed suit in the justice court to establish his ownership of Sara. After a bench trial, the justice court, on June 24, 2008, awarded Sara to Watkins, and the following day, signed a written judgment in her favor. Rowe filed a motion for new trial and later, a motion for judgment, asking the court to vacate its judgment in favor of Watkins and render judgment in his favor. On June 30, 2008, the justice court vacated the judgment for Watkins, reconsidered the evidence, and rendered a written judgment for Rowe.

The following day, Watkins filed a motion for new trial and judgment, asking the court to reinstate its original judgment. On July 3, 2008, the justice court denied Watkins' motion for new trial, and on July 14, 2008, it denied her motion for judgment. Also on July 14, 2008, Watkins indicated her notice to appeal to the county court by filing her appeal bond, and the justice court approved the bond that same day. Three days later, Rowe notified the justice court by letter that Watkins' appeal bond did not meet the statutory requirements as it failed to list two sureties. That same letter was sent to Watkins by facsimile the same day. Watkins did not correct the appeal bond.

On July 23, 2008, Watkins filed her petition in the county court. Rowe then filed his plea to the jurisdiction, contending that the appeal was never perfected as Watkins failed to correct her appeal bond. In November 2008, the county court, in denying Rowe's plea, agreed that the bond was defective but allowed Watkins an opportunity file a corrected appeal bond before December 5, 2008. Watkins filed the new appeal bond on December 2, 2008. Believing the new bond was also defective, Rowe raised additional objections that the new bond omitted any language binding the sureties and that the monetary amount of the bond was absent. Nevertheless, the case proceeded to a jury trial, and the jury found in Watkins' favor.

## DISCUSSION

On appeal, Rowe brings eight issues for our review. His first three issues fault Watkins'

appeal to the county court, alleging that she failed to file a proper appeal bond more than five days after she received notice of defects in the bond, that the county's court grant of an extension to correct the appeal bond was reversible error, and that the county court erred by refusing to dismiss the appeal when Watkins' subsequent bond, following the court's extension, was also defective. In Issues Four and Five, Rowe contends that the evidence is factually insufficient to support the jury's answers to the questions submitted, and in Issues Six and Seven, Rowe complains that the county court erred by not granting his motions for new trial and judgment notwithstanding the verdict. Rowe's eighth and final issue alleges error in the county court's order to surrender possession of the dog without first issuing a written judgment or a writ of execution, or allowing him the opportunity to suspend enforcement of the judgment for appellate purposes. Finding merit in Rowe's first issue, we do not address his remaining claims. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

*Standard of Review*

A defending party may properly challenge a trial court's jurisdiction by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Indeed, whether a trial court has jurisdiction to decide a case is a question of law. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Therefore, as applicable to this case, whether the trial court should have granted Rowe's plea to the jurisdiction, which contended that Watkins' defective appeal bond never conferred jurisdiction on the county court, is a legal question that we review *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Watkins v. Debusk*, 286 S.W.3d 58, 60 (Tex. App. – El Paso 2009, no pet.).

*Applicable Law*

To perfect an appeal from a justice court to a county court, the appealing party must not only file an appeal bond or an affidavit of inability to pay, but must also pay the costs of the appeal to the county clerk within twenty days of being notified by the clerk to do so. *See Ashley Furniture Industries, Inc. ex. rel. RBLS, Inc. v. The Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App. – El Paso 2010, no pet.); *Watkins*, 286 S.W.3d at 60; TEX. R. CIV. P. 571 & 572. According to Rule 573 of the Texas Rules of Civil Procedure, the appeal is perfected when the bond is filed and satisfies the requirements of Rule 571. TEX. R. CIV. P. 573. To comply with Rule 571, the appealing party must file an appeal bond "with two or more good and sufficient sureties" in an amount equal to twice the amount of the judgment within ten days from the date the judgment is signed. TEX. R. CIV. P. 571.

When the appeal bond contains defects or irregularities, either of form or substance, the case should not be dismissed without first allowing the appealing party five days, after notice of the defect, to correct or amend the defective appeal. TEX. R. CIV. P. 571. Although the rules do not prescribe a specific type of notice, we have held that the notice must, in the very least, conform to due process which is met if the notice affords the party a fair opportunity to appear and defend her interests. *Ashley Furniture*, 311 S.W.3d at 598; *Watkins*, 286 S.W.3d at 62; *In re A.Y.*, 16 S.W.3d 387, 388 (Tex. App. – El Paso 2000, no pet.). As compliance with the appellate requirements of Rule 571 is jurisdictional, *see Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App. – El Paso 1993, no writ), if the appealing party fails to meet any one of the rule's prerequisites, and also fails to correct the defect within five days of notice, the appellate court, i.e., the county court, lacks jurisdiction to hear the appeal and must dismiss the same. *See Ashley Furniture*, 311 S.W.3d at 598; *Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App. – Fort Worth 2004, no pet.).

*Application*

Here, the record reflects that Watkins filed her appeal bond on July 14, 2008, the same day that the justice court denied her motion for judgment. However, that bond was defective as it listed no sureties, other than Watkins herself, as required by the rules. *See* TEX. R. CIV. P. 571. By letter, Rowe notified the justice court of the defective bond on July 17, 2008. That same letter was sent by facsimile to Watkins the same day.[1] Therefore, Watkins had five days from July 17, 2008, to correct the appeal bond. *See* TEX. R. CIV. P. 571; *Ashley Furniture*, 311 S.W.3d at 599-600. However, Watkins did not correct the appeal bond until December 2, 2008, which was well beyond the five-day limit. Accordingly, the county court lacked jurisdiction over the appeal. *Ashley Furniture*, 311 S.W.3d at 600; *Knupp v. Nolan Management Co., Inc.*, No. 05-01-00782-CV, 2002 WL 378398, at *1 (Tex. App. – Dallas Mar. 12, 2002, no pet.) (op., not designated for publication).

Although the county court, in ruling on Rowe's plea to the jurisdiction, agreed that the original appeal bond was defective on its face, it ruled that Rowe's letter notice of the defect dated July 17, 2008, was insufficient to trigger the five-day correction period as the justice court did not pronounce the bond defective but rather approved the bond. However, we rejected this identical argument in *Ashley Furniture*, noting that nothing in Rule 571 requires that a court first pronounce the bond defective and issue the defective notice itself before triggering the rule's correction period. *Ashley Furniture*, 311 S.W.3d at 599. Rather, in relying on two previous cases, we found that notice of a defect in the bond by opposing counsel was sufficient to trigger the five-day correction period. *Id*. at 599-600 (citing *Watkins*, 286 S.W.3d at 59, 62; *and Heldt v. 12811 El Sendero Trust # 0415022*, No. 04-04-00615-CV, 2005 WL 1458234, at *1 (Tex. App. – San Antonio June 22, 2005, pet. denied) (mem. op. not designated for publication)). Similarly, here, because the appeal bond

---

[1] Watkins does not contend on appeal that she did not receive notice of the defective bond.

was certainly defective on its face by failing to contain two or more sureties as statutorily required, Rowe's notice of the defect was sufficient to trigger the five-day correction period. TEX. R. CIV. P. 571; *Ashley Furniture*, 311 S.W.3d at 599-600. Because Watkins did not correct her appeal bond within that time period, the county court lacked jurisdiction over the case. Rowe's first issue is sustained.

## CONCLUSION

Having sustained Rowe's first issue, we need not address his remaining points of error. *See* TEX. R. APP. P. 47.1. Accordingly, we reverse and vacate the county court's judgment in favor of Watkins, and reinstate the justice court's judgment in favor of Rowe.

GUADALUPE RIVERA, Justice

March 23, 2011

Before Chew, C.J., McClure, and Rivera, JJ.