Robert LITOFF, Appellant,

v.

### MEADOWS SERVICE CORPORATION, Appellee.

No. 05–10–01173–CV.

Court of Appeals of Texas, Dallas.

Nov. 10, 2011.

Bryan L. Sample, Law Office of Bryan L. Sample, for Appellant.

John H. Carney, Andrew Galen Counts, John H. Carney & Associates, P.C., Houston Watson, Bernard Eric Zwillenberg, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Robert Litoff appeals from a county court at law order dismissing for lack of jurisdiction his appeal from justice court. In two points of error, Litoff contends (1) the county court erred in dismissing his appeal from justice court based on non-compliance with rule of civil procedure 571, and (2) the county court did not have jurisdiction to inquire into the sufficiency of the appeal bond sureties under rule of civil procedure 571. We affirm the county court's judgment.

## Background

Meadows filed a collection case against Litoff in justice court. A judgment was entered in favor of Meadows in the amount of $6551.97, plus interest. Litoff filed a notice of appeal of the justice court judgment in the county court at law. Litoff filed an appeal bond in the justice court in the amount of $6600.00, which was approved by the justice court.

Meadows filed a motion to dismiss Litoff's appeal for lack of jurisdiction because the appeal bond failed to satisfy the rule of civil procedure 571 requirement that the appeal bond be double the amount of the judgment and because the exempt property described in the bond was not sufficient to satisfy the judgment. *See* Tex.R. Civ. P. 571. Following a hearing on Meadows's motion to dismiss, the county court ordered Litoff to file an appeal bond that complied with rule 571.[1] "Pursuant to the Order," Litoff filed an amended appeal bond in the justice court "to cure a legiti-

---

1. The order entered is not part of the record before this Court. However, the parties do not dispute that an order was entered by the trial court following the hearing on Meadows's motion to dismiss.

mate defect" in the original appeal bond. Litoff's amended appeal bond in the amount of $13,600.00 was approved by the justice court.

Meadows filed a second motion to dismiss the appeal for lack of jurisdiction based on the deficiencies of the sureties to the bond. After a hearing on Meadows's second motion to dismiss the appeal for lack of jurisdiction, the county court dismissed the appeal for lack of jurisdiction based on Litoff's failure to comply with rule 571. Litoff filed this appeal of the county court's dismissal order.

## Standard of Review

 Whether a trial court has subject matter jurisdiction to decide a case is question of law. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 320 (Tex.App.-Dallas 2007, no pet.) (op. on reh'g); *Watkins v. Debusk*, 286 S.W.3d 58, 60 (Tex.App.-El Paso 2009, no pet.). We review a dismissal predicated on a deficient appeal bond under a de novo standard. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Debusk*, 286 S.W.3d at 60. Therefore, as applicable to this case, whether the county court should have granted Meadows's motion to dismiss, which contended that Litoff's defective appeal bond never conferred jurisdiction on the county court, is a legal question that we review de novo. *See Mayhew*, 964 S.W.2d at 928; *Bell*, 221 S.W.3d at 320.

## Discussion

Litoff contends the county court erred in dismissing his appeal from justice court. Litoff does not assert that either his original appeal bond or his amended appeal bond were sufficient and without deficiencies. Rather, in his first point of error, Litoff contends that once the appeal bond was approved by the justice of the peace, rule 571 was satisfied, the appeal was properly perfected, and the county court "was obligated to hear the case on the merits." In his second point of error, Litoff makes a parallel argument that the county court did not have "jurisdiction" to inquire into the sufficiency of the sureties on the appeal bond. We disagree with Litoff's contentions in his first and second points of error.

An appeal from a justice court to a county court is perfected when the appeal bond is filed and the requirements of rule 571 have been complied with. Tex.R. Civ. P. 573. To comply with rule 571, the appealing party must file within ten days from the date a judgment is signed, an appeal bond "with two or more good and sufficient sureties, to be approved by the justice" in an amount equal to double the amount of the judgment. Tex.R. Civ. P. 571.

 Compliance with the requirements of rules 571 and 573 is jurisdictional, and as the language in rule 573 indicates, only compliance with the requirements of rule 571 will perfect the appeal. *See* Tex.R. Civ. P. 571 & 573; *see also Ashley Furniture Indus., Inc. v. The Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App.-El Paso 2010, no pet.); *Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex.App.-El Paso 1993, no writ). Thus, if an appealing party fails to meet any one of the prerequisites of rule 571 and also fails to correct the defect within five days of notice, the appellate court—here, the county court—lacks jurisdiction to hear the appeal, because it was never perfected, and the appeal must be dismissed. *See Rowe v. Watkins*, 340 S.W.3d 860, 863 (Tex.App.-El Paso 2011, no pet.); *Ashley Furniture*, 311 S.W.3d at 598; *Williams v. Schneiber*, 148 S.W.3d

581, 583 (Tex.App.-Fort Worth 2004, no pet.).[2]

■ Contrary to Litoff's argument, a county court may consider the sufficiency of an appeal bond approved by a justice court. In *Ashley Furniture*, the party appealing the justice court judgment to the county court contended, as Litoff contends in this case, that the county court had jurisdiction to entertain the appeal because the justice of the peace had approved the appeal bond. *Ashley Furniture*, 311 S.W.3d at 597. The court concluded that "[r]egardless of whether the justice of the peace approved the bond, [the party appealing the judgment of the justice court] was required to meet all of the requirements of Rule 571. Because [the party] failed to do so, the appeal was not perfected." *Id.* at 598. *See also Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 193 (Tex.App.-Dallas 2000, pet. dism'd w.o.j.) (remanding case to the county court for consideration of an amended appeal bond from justice court judgment); *Rowe*, 340 S.W.3d at 862 (county court considered adequacy of appeal bond from justice court judgment).[3] The holding in *Ashley Furniture* is consistent with the well-established principles that (1) appellate jurisdiction is never presumed, *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.); and (2) a court always has the authority to determine its own subject matter jurisdiction. *Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex.App.-Dallas 2006, no pet.).

Regardless of whether the justice of the peace approved the appeal bond, Litoff was required to meet all of the requirements of rule 571 in order to perfect his appeal. *See* Tex.R. Civ. P. 571 & 573; *Ashley Furniture*, 311 S.W.3d at 598. Litoff does not challenge the county court's ruling that the amended bond did not meet the requirements of rule 571. Because Litoff failed to meet all the requirements of rule 571, his appeal was not perfected. *See Ashley Furniture*, 311 S.W.3d at 598. Thus, the county court lacked jurisdiction over Litoff's appeal and properly granted Meadows's motion to dismiss. *See Meyers v. Belford*, 550 S.W.2d 359, 360 (Tex.Civ. App.-El Paso 1977, no writ) (filing of appeal bond was prerequisite to jurisdiction of the county court; since county court was without jurisdiction, it properly dismissed appeal).

We overrule Litoff's first and second points of error. We affirm the county court's judgment.

---

2. *See also Harrill v. AJ's Wrecker Service*, No. 05–99–00475–CV, 2000 WL 199376, at *2 (Tex.App.-Dallas Feb. 22, 2000, no pet.) (not designated for publication) (because appeal bond from justice court was defective, county court at law was without jurisdiction).

3. *See Knupp v. Nolan Mgmt. Co.*, No. 05–01–00782–CV, 2002 WL 378398, at *1 (Tex.App.-Dallas Mar. 12, 2002, no pet.) (not designated for publication) (county court judge found one of two sureties on appeal bond from justice court was insufficient; where party appealing from justice court failed to amend the appeal bond, county court lacked jurisdiction over the appeal).