

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00313-CV

LESLIE CLINT SLAY                                          APPELLANT

V.

NATIONSTAR MORTGAGE, L.L.C.                               APPELLEE
F/K/A CENTEX HOME EQUITY
COMPANY, L.L.C.

----------

## FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Leslie Clint Slay appeals the dismissal of his appeal to the county court from a justice of the peace's grant of possession to Nationstar Mortgage, L.L.C. f/k/a Centex Home Equity Company, L.L.C. (Nationstar). We will affirm the dismissal.

---

[1]See Tex. R. App. P. 47.4.

**Background Facts**

In August 2010, Nationstar filed a petition for forcible detainer against Slay in a justice of the peace court. The justice court granted possession of the premises to Nationstar. The justice court's order also stated that an appeal bond "[should] be set in the amount of $10,000; and that [Slay should] pay to [Nationstar] rent in the amount of $650 per month[] during the pendency of any appeal of this cause."

On September 13, 2010, Slay filed an appeal bond in the amount of $1,950, which the justice court approved. On June 10, 2011, Nationstar filed a motion to dismiss the appeal on the grounds that the appeal had not been perfected because Slay posted an inadequate bond and failed to pay rent to Nationstar as required by the justice court's order. Slay did not file a response.

On June 13, 2011, the county court sent the parties a notice of intent to dismiss, and said, "Court records indicate that this case is eligible for dismissal for want of prosecution because it has been pending since 09/24/10 and is not set for trial." The county court set a docket call for July 7, 2011, and warned the parties that the case "[would] be called in open court and ordered dismissed unless affirmative action by motion or disposition to maintain said suit[] [was] taken and [was] shown of record by the time of the docket call." The notice also stated, "Where the parties desire to maintain said cause, notice of such desire shall be made by motion and shall be delivered to the Court no later than one

week prior to above date to Presiding Judge Ben Akers." Neither party filed a motion or otherwise responded to the court's notice.

On June 30, 2011, prior to the dismissal docket call, the county court dismissed the suit for failure to perfect an appeal because "Slay [had] failed to post an appeal bond in an adequate amount." Slay then filed this appeal.

## Standard of Review

Whether a trial court has subject matter jurisdiction to decide a case is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a dismissal predicated on a deficient appeal bond under a de novo standard. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Litoff v. Meadows Serv. Corp.*, 352 S.W.3d 894, 896 (Tex. App.—Dallas 2011, no pet.).

## Discussion

In his first point, Slay argues that his appeal to the county court was perfected when the justice court approved the bond in the amount of $1,950. Slay cites to *Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.*, 780 S.W.2d 952, 953 (Tex. App.—Fort Worth 1989, no writ), for the proposition that the "essential elements" of a valid appeal are the timely filing of an appeal bond and its approval by the justice of the peace court. *Wetsel* cites to rule of civil procedure 749, which states, in part,

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

Tex. R. Civ. P. 749. Neither rule 749 nor *Wetsel* state that any amount of bond will perfect an appeal as long as the amount is approved by the justice court. The judgment of possession set the bond at $10,000, and Slay only paid $1,950. Slay's bond was therefore defective. The justice court's approval of a bond does not affect its validity. *See Harrill v. AJ's Wrecker Serv.*, No. 05-99-00475-CV, 2000 WL 199376, at *1 (Tex. App.—Dallas Feb. 22, 2000, no pet.) (not designated for publication); *see also Litoff*, 352 S.W.3d at 897 (holding that appeal from a justice court was properly dismissed when the appeal bond did not meet the requirements of the rules of civil procedure, despite the bond's approval by the justice court); *Ashley Furniture Indus. Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App.—El Paso 2010, no pet.) (same). We overrule Slay's first point.

In his second point, Slay argues that he was not afforded an opportunity to amend the bond. Rule of procedure 571 requires the courts to give the appellant "five days after notice within which to correct or amend" the bond. Tex. R. Civ. P. 571. Rule 571 does not provide for any specific type of notice, but notice must, in the very least, conform to due process. *Rowe v. Watkins*, 340 S.W.3d 860, 863 (Tex. App.—El Paso 2011, no pet.); *Ashley Furniture*, 311 S.W.3d at 598.

Due process is met if the notice affords the party a fair opportunity to appear and defend his interests. *Rowe*, 340 S.W.3d at 863. Nationstar filed its motion to dismiss, in which it complained of the inadequate bond, on June 10, 2011. The motion also noted that Nationstar faxed a copy of the motion to Slay's attorney on June 9, 2011. The county court did not dismiss the appeal until June 30, 2011, well over five days after Slay received notice of the defect. Thus, Slay was afforded an opportunity to amend his bond, and he failed to do so. *See id.* (noting that appellant received notice of defective bond by faxed letter); *Watkins v. Debusk*, 286 S.W.3d 58, 62 (Tex. App.—El Paso 2009, no pet.) (noting that appellant received notice of defective bond when appellee filed a motion to dismiss). We overrule his second point.

In his third point, Slay argues that the county court erred by dismissing the appeal before a hearing could be held. The county court notified the parties that it would conduct a hearing on July 7, 2011, because the appeal was "eligible for dismissal for want of prosecution because it [had] been pending since 09/24/10 and [was] not set for trial." The hearing was not for Nationstar's motion to dismiss. Nationstar's motion sought dismissal on jurisdictional grounds, which may be raised at any time and which a court is obligated to ascertain. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (orig. proceeding). The county court correctly concluded that it had not obtained jurisdiction over the appeal. Thus, it was unnecessary to hold a hearing on any other grounds for

5

dismissal. The county court did not err in dismissing the case on jurisdictional grounds before a hearing on want of prosecution. We overrule Slay's third point.

## Conclusion

Having overruled all of Slay's points on appeal, we affirm the judgment of the county court.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED: March 1, 2012