ACCEPTED
07-14-00317-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/21/2015 4:20:18 PM
Vivian Long, Clerk

P.O. Box 469
401 Main Street
Wheeler, Texas 79096

**Leslie Standerfer**
*County Attorney*

Phone: 806-826-2042
Fax: 806-826-0717

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
1/21/2015 4:20:18 PM
VIVIAN LONG
CLERK

January 20, 2015

Vivian Long, Clerk
Court of Appeals
Seventh District of Texas
PO Box 9540
Amarillo, TX 79105-9540

RE:   Case Number: 07-14-00317-CV
      Trial Court Case Number: 7-14-1963-CV
      Nancy S. Morrison v. Sheriff Wesley Crites, Deputy D.B. Marcolesco

Dear Ms. Long,

Wheeler County respectfully submits this letter brief and attached affidavit regarding the affidavit and brief filed by Appellant Nancy M. Morrison regarding the perfection of appeal from Justice Court to County Court and the subsequent jurisdiction of this court.   As explained below, Appellant failed to timely perfect her appeal from justice court to county court, and has instead attempted to cloak a suit against Wheeler County officials as an appeal from Justice Court.

**A.   Facts Regarding Appellant's Suit in Justice Court.**   Appellee does not dispute that Appellant properly filed a small claims suit in Justice Court, Precinct 1, Wheeler County against Defendant Sandy Castillo.   Appellant was awarded a Default Judgment in said suit on December 4, 2013.   Neither party filed any motions that would extend appellate deadlines. Appellant sought a thirty-day Writ of Execution in January, and after filing a Writ of Execution and much dispute as to the propriety of the execution of said Writ, on March 31, 2014, Appellant filed a Notice of Appeal with the Justice Court.   The Appellant did not perfect the appeal by

Email: leslie.standerfer@co.wheeler.tx.us

filing a bond, cash deposit, or affidavit of inability to pay costs, nor did she make a request, either written or oral, for bond amount.

Appellant subsequently filed a "Motion to Recover Full Amount of Judgment" on Wheeler County Justice Court Precinct 1 on April 7, 2014. The Court issued a ruling denying Plaintiff's Motion on April 7, 2014. A copy of the ruling, titled "Answer to Plaintiff's Motion," is attached to both Appellant's Brief and Affidavit as Exhibit "A". Appellant subsequently filed another Notice of Appeal, and again, the Appellant did not perfect the appeal by bond, cash deposit, or affidavit of inability to pay costs.

**B.     Appellant's Appeal was not Properly Perfected.**   Appellant filed two separate Notices of Appeal, neither of which were perfected by bond, cash deposit, or filing a sworn statement of inability to pay.   Tex. R. Civ. P. 506.1.   In *Meyers v. Belford,* 550 S.W.2d 359 (Tex. Civ. App. –El Paso 1977, no writ), the El Paso Court of Appeals dismissed Plaintiff-Appellant's appeal for Appellant's failure to file an appeal bond with Justice Court.   In *Litoff v. Meadows Service Corp.*, 352 S.W.3d 894, 897 (Tex.App. Dallas 2011, no pet), the court makes clear that only compliance with requirements of rule governing appeal bonds will perfect appeal of a Justice Court's judgment to County Court.

Appellant selectively mentions one Notice of Appeal filed on April 14, 2014, however, she makes no mention of the Notice of Appeal she filed but failed to perfect on March 31, 2014. Seven days later, on April 7, 2014, the Appellant filed a "Motion to Recover Full Amount of Judgment".   The Court denied said Motion in an order signed the same day but file-marked April 14, 2014.   Appellant, in asserting her claim that she was denied the right to Appeal by both her brief and affidavit, is misrepresenting to this Court that the Order signed by Judge Brown on April 7, 2014 and file-marked April 14, 2014 is in response to the Notice of Appeal

she filed on April 14, 2014.

**C.**   **Appellant's Appeal Untimely.**   The Default Judgment in this matter was issued December 4, 2013.   A party may file a Motion to Set Aside, Motion to Reinstate, or Motion for new trial no later than 14 days after the Judgment is signed.   Tex. R. Civ. P. 505.3.   In this case, neither party filed a Motion that would extend the Justice Court's plenary power beyond twenty-one days.   Tex. R. Civ. P. 507.1.   The Court's plenary power in this matter ended December 26, 2013.   While Appellant filed the Writ of Execution in a timely manner, any Orders issued by the court regarding this suit after December 26, 2013 should be void. *Carrera v. Marsh,* 847 S.W.2d 337 (Tex. App. El Paso, 1993).

**D.**   **Summary.**   For the reasons stated above, we feel the Court's initial review of the appeal and concerns were correct, and that this Appeal should be dismissed for want of jurisdiction.


Sincerely,


*Leslie Standerfer*
Leslie Standerfer
Wheeler County Attorney

THE STATE OF TEXAS §

COUNTY OF WHEELER §

## AFFIDAVIT OF DEEDEE REEVES

Before me, the undersigned notary, on this day personally appeared DeeDee Reeves, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is DeeDee Reeves. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "I am presently employed as Clerk of the Justice Court, Precinct One, Wheeler County Texas, and was so employed throughout 2013 and 2014.

3. "I am personally familiar with Nancy Morrison Nottingham.

4. "As clerk, I am responsible for the file-marking and clerical act of filing any suits and subsequent motions that are filed in Justice Court, Precinct One, Wheeler County.

5. "I personally received a Notice of Appeal from Nancy Morrison filed March 31, 2014, and I file-marked said copy.

6. "I personally received a document styled "Motion to Recover Full Amount of Judgment file-marked April 7, 2014 by Judge Brown.

7. "I personally received an Order from Judge Brown titled "Answer to Plaintiff's Motion" dated April 7, 2014. I file-marked it on April 14, 2014.

6. "I personally received a Notice of Appeal from Nancy Morrison filed April 14, 2014, and I file-marked said copy the same date, upon receipt.

7. "Upon filing said Notices of Appeal, Nancy Morrison did not file a bond, did not pay a cash deposit, and did not file an Affidavit of Inability to Pay Costs. Furthermore, Ms. Morrison

did not inquire as to the amount of an appeal bond."

FURTHER AFFIANT SAITH NOT.

_____
DeeDee Reeves, Affiant

SUBSCRIBED AND SWORN TO BEFORE me by the said Affiant, DeeDee Reeves, on this the 21st day of January , 2015.

TRACIE SIMPSON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 09-16-2015

_____
Notary Public, State of Texas

AFFIDAVIT OF DeeDee Reeves- *Page2 of 2*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties of record by Certified Mail, Return Receipt Requested, in accordance with the Texas Rules of Civil Procedure on January 21, 2015.


*Leslie Standerfer*
Leslie Standerfer

Nancy S. Morrison
PO Box 1134
Wheeler, TX 79096