# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00487-CV

**Dominique AC Reed, Appellant**

**v.**

**Carl Lee Hill, Appellee**

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 23DFAM337543, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dominique AC Reed attempts to appeal from the trial court's final judgment signed May 28, 2024. On July 16, 2024, Reed filed with the trial court a "Motion for Extension of Time to File Notice of Appeal" and on July 25, 2024, filed that same document with this Court. To date, Reed has not filed a notice of appeal with either this Court or the trial court.

Texas Rule of Appellate Procedure 26.1 requires the filing of a notice of appeal within thirty days after the judgment is signed, except in circumstances not applicable here. *See* Tex. R. App. P. 26.1. Rule 26.3 permits an appellate court to extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party (1) files in the trial court the notice of appeal and (2) files in the appellate court a motion complying with Rule 10.5(b). *See id.* R. 26.3. Reed's motion for extension of time is not in compliance with Rule 26.3 because it was filed more than fifteen days after the period for filing a notice of

appeal had expired, and—moreover—she has not filed a notice of appeal or explained her failure to do so.[1]

Although appellate courts should read the rules broadly to avoid depriving a party of her right to appeal due to "harmless procedural mistakes" and will look to *timely* filed instruments to determine whether they are bona fide attempts to invoke appellate jurisdiction, *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), Reed's attempt to invoke this Court's jurisdiction lacks the critical element of a *timely* filed attempt to perfect an appeal. *See Martin-de-Nicolas v. Jones*, No. 03-13-00318-CV, 2014 WL 4414827, at *4 (Tex. App.—Austin Aug. 28, 2014, pet. denied) (mem. op.); *Watkins v. Debusk*, 286 S.W.3d 58, 61 (Tex. App.—El Paso 2009, no pet.). Not only has Reed failed to file a notice of appeal, but her motion for extension of time was filed after the fifteen-day extension period. *See* Tex. R. App. P. 25.1, 26.1, 26.3.

We accordingly dismiss this attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3, 43.2(f).

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed: September 12, 2024

_____

[1] On July 31, 2024, this Court notified Reed of her failure to file a notice of appeal and requested that she file one by August 12, 2024, with both this Court and the trial court, but she did not respond to that notice. On August 20, 2024, this Court sent Reed another notice informing her that it appeared the Court lacks jurisdiction because her motion to extend was not timely filed and no notice of appeal had been filed. That notice requested a response from Reed by August 30, 2024, demonstrating how this Court may exercise jurisdiction, and informed her that unless she responded the appeal would be subject to dismissal for lack of jurisdiction. To date, Reed has not responded to that notice either.