E. J. MEYERS, Appellant,

v.

Norman M. BELFORD, Appellee.

No. 6598.

Court of Civil Appeals of Texas,
El Paso.

April 6, 1977.

John H. Whitaker, El Paso, for appellant.

Arturo R. Aguirre, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from an order of the County Court at Law No. Three, El Paso County, dismissing Plaintiff's appeal from a justice Court judgment. Issues mainly involve the appeal bond requirements of Rule 571, Tex.R.Civ.P. We affirm.

The Appellant, as Plaintiff, filed a claim in the justice Court alleging a debt of $86.13 against the Appellee, Defendant, plus $110.00 for attorney's fees. Trial resulted in a judgment in favor of the Plaintiff in the sum of $25.16. The judgment was entered October 22, 1971. In open court, Plaintiff gave notice of appeal to the County Court, and the justice Court record was filed in the County Court.

On November 11, 1976, Defendant filed his motion to dismiss on the grounds that (1) Plaintiff failed to file the requisite appeal bond; (2) Plaintiff failed to give proper notice of appeal; and (3) laches on the part of Plaintiff for allowing five years to elapse since the time of the justice Court judgment. Following notice and reply, a hearing was had and the order of dismissal resulted from which this appeal is taken.

Rule 571, Tex.R.Civ.P., provides:

"The party appealing, his agent or attorney, shall within ten days from the date of judgment, or order overruling motion for new trial, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, * * * or if the appeal is by the plaintiff by reason of judgment denying in whole or in part his claim, he shall file with the justice a bond in the same ten-day period, payable to the appellee, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the costs incurred in the justice court and estimated costs in the county court, less such sums as may have been paid by the plaintiff on the costs * * *."

There has been no such bond filed in this case, and the Court correctly dismissed the appeal. Appellant cites cases to the contrary, but these cases were before the amendment of Rule 571 in 1967. Prior to the amendment of 1967, one in the position of the appellant, and against whom no affirmative relief had been granted, was held to be exempt by implication from the requirements to file an appeal bond. 4 Tex. Jur.2d, Rev., Part 2, Appeal and Error—Civil Cases, Sec. 1055 (1974). As can be

seen, the Rule in its present form now requires an appeal bond from one in the plaintiff's position. The filing of the appeal bond is a prerequisite to the jurisdiction of the County Court. 4 Tex.Jur.2d, supra, Sec. 1052. Since the County Court at Law was without jurisdiction, it properly dismissed the appeal, and this Court, then, is without jurisdiction of the further appeal and the proper judgment for us to enter is to dismiss the appeal.

The appeal is dismissed.