**Aby M. ALMAHRABI, Appellant,**

v.

**Ronald L. BOOE and Ronald Salcido, Appellee.**

No. 08–93–00078–CV.

Court of Appeals of Texas, El Paso.

Nov. 10, 1993.

Rehearing Overruled Jan. 26, 1994.

---

Richard C. White, El Paso, for appellant.

Richard Gonzalez, Miranda & Boyaki, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

### OPINION

BARAJAS, Justice.

This is an appeal from the trial court's order of dismissal of an attempted appeal from the justice court. The attempted appeal was dismissed due to Appellant's failure to pay the required costs of appeal within 20 days after being notified to do so by the El Paso County Clerk's office pursuant to Rule 143a of the Texas Rules of Civil Procedure.

In his sole point of error, Appellant challenges the trial court's order of dismissal. We dismiss the attempted appeal.

### I. PROCEDURAL HISTORY

Ronald Booe and Ronald Salcido, Appellees, filed suit against Aby Almahrabi, Appellant, in justice court seeking damages in the amount of $5,000. Appellant was duly cited, but failed to appear at the trial, resulting in a default judgment of $5,000, plus $40 in costs being rendered in favor of Appellees on September 9, 1992. Appellant then attempted to appeal this judgment to the County Court at Law Number Two and obtain a *de novo* review. *See* TEX.R.CIV.P. 574b.

On September 21, 1992, in an attempt to perfect his appeal to the county court at law, Appellant properly filed the requisite $10,000 appeal bond in the justice court. On September 24, 1992, Appellant was notified by the county clerk's office that the costs of the appeal must be paid to the county clerk's office within 20 days from the date of the notice, or the appeal would be deemed not perfected pursuant to Rule 143a.[1] The costs of the appeal were not tendered to the county clerk's office until November 6, 1992, some 39 days after the notice was received by the attorney's office.

On November 9, 1992, Appellant filed his Motion to Retain Appeal. In response, Appellees filed their Motion to Dismiss Appeal. On December 10, 1992, after hearing both motions, the trial court found that the payment of costs in accordance with TEX. R.CIV.P. 143a is a jurisdictional prerequisite; therefore, Appellant's appeal was deemed not perfected and the trial court was without jurisdiction to entertain the appeal.

### II. DISCUSSION

The sole issue in this appeal is whether under the facts of the instant case, Appellant's appeal bond in the amount of $10,000 is sufficient to perfect the appeal from the justice court to the county court at law. Appellant asserts that his $10,000 appeal bond filed with the justice court is sufficient to cover the costs of appeal and thus, is all that is

---

1. The record establishes that notice was sent to Appellant's attorney, via certified mail, and re-ceived on September 28, 1992. The amount of the costs specified in the notice was $110.

required by the Texas Rules of Civil Procedure to otherwise perfect the appeal.

 In order to perfect an appeal to the county or district court from a justice court, an appellant must:

(1) file an appeal bond as required by Rule 571 or file an affidavit of inability to pay under Rule 572; **and**

(2) pay to the county clerk, within 20 days after being notified to do so by the county clerk, the costs on appeal as required by Rule 143a.

Compliance with each of the above requirements is jurisdictional, and as the language in Rule 573 indicates, only compliance therewith will act to perfect the appeal.[2] *See* TEX.R.CIV.P. 573; *Depue v. Henderson*, 801 S.W.2d 178, 179 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Farmer v. McGee Services, Inc.*, 704 S.W.2d 927, 928–29 (Tex. App.—Tyler 1986, no writ); *Meyers v. Belford*, 550 S.W.2d 359, 360 (Tex.Civ.App.—El Paso 1977, no writ).

The record in the instant case demonstrates that judgment was entered against Appellant in the amount of $5,000 in the justice court. Consequently, as a preliminary matter in attempting to perfect his appeal, Appellant was required to file within ten days from the date of judgment, a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the Appellee.[3] As noted above, the record shows that Appellant properly filed a $10,000 appeal bond on September 21, 1992. However, in order to perfect his appeal, it was incumbent on Appellant to pay the county clerk, within

20 days after being notified to do so by the clerk, the costs on appeal in the amount of $110. The record in the instant case shows that Appellant failed to pay the required and requested costs within the 20–day period as provided by TEX.R.CIV.P. 143a.[4]

Appellant contends that the $10,000 appeal bond, which is analogous to a supersedeas bond, was sufficient to satisfy both Rules 571 and 143a. We disagree.

 A supersedeas bond may serve as a cost bond, if it is sufficient to secure the costs. *Young v. Kilroy Oil Co. of Texas*, 673 S.W.2d 236, 242 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (decided under old Texas Rule of Civil Procedure 356, now Texas Rule of Appellate Procedure 47[a]). The $10,000 bond filed by Appellant in this case is double the amount of the judgment in the justice court. This satisfies Rule 571, but is insufficient to cover the costs of appeal as required by Rule 143a. Appellant is $110 short. Accordingly, we hold that the trial court was without jurisdiction to hear the attempted appeal and was correct in finding that Appellant failed to comply with TEX. R.CIV.P. 143a. Further, the trial court was correct in finding that the appeal had not been perfected. Insofar as the county court at law was without jurisdiction to entertain Appellant's appeal, this Court is likewise without jurisdiction. Accordingly, the attempted appeal is dismissed for want of jurisdiction.

2. TEX.R.CIV.P. 573 provides as follows:

When the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with, the appeal shall be held to be perfected. TEX.R.CIV.P. 573. [Emphasis added].

3. TEX.R.CIV.P. 571 provides in pertinent part as follows:

The party appealing, his agent or attorney, shall within ten days from the date a judgment or order overruling motion for new trial is signed, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal

to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal; .... TEX.R.CIV.P. 571. [Emphasis added].

4. TEX.R.CIV.P. 143a provides as follows:

If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted. TEX.R.CIV.P. 143a. [Emphasis added].