

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 29, 1997

The Honorable John Vance
Dallas County District Attorney
Administration Building
411 Elm Street
Dallas, Texas 75202

Opinion No. DM-449

Re: Whether filing of appeal bond, or affidavit of inability in lieu thereof, excuses justice court appellant from requirements of rule 143a (RQ-934)

Dear Mr. Vance:

You tell us that in Dallas County, when a case is appealed from a justice court to a county court, the Dallas County Clerk's office processes the case as an original law suit[1] and sends a notice directing the appellant to pay court fees totaling $155.00.[2] Rule 143a of the Texas Rules of Civil Procedure deems an appeal from a justice court not perfected if the appellant fails to pay the court costs within twenty days after being notified to do so by the county clerk.[3] If the appellant fails to pay the costs within the requisite time, the Dallas County Clerk's office, relying upon rule 143a, returns all papers filed in the case to the justice court. You ask whether a party is excused from complying with rule 143a if the party posted an adequate appeal bond pursuant to rule 571 of the Texas Rules of Civil Procedure or filed an affidavit of inability pursuant to civil procedure rule 572.

Rule 571 requires the appellant from a justice court to file an appeal bond within ten days from the date the judgment or the order overruling a motion for new trial was signed. Tex. R. Civ. P. 571. The bond must be filed with and approved by the justice, be made payable to the appellee, contain two or more good and sufficient sureties, and be conditioned that appellant shall prosecute the appeal to effect and pay off and satisfy any judgment which may be rendered against appellant on appeal. *Id.* The amount of the bond must be double the amount of the judgment; or, if the appeal is brought by a plaintiff whose claim was denied in whole or in part, the bond must be for double the amount of the costs incurred in the justice court plus the estimated costs in the county court, minus any amount the plaintiff may have paid on the costs. *Id.* Rule 572 allows an appellant who

---

[1]An appeal from a justice court to a county court is tried de novo. Tex. R. Civ. P. 574b.

[2]You inform us that this sum comprises a judicial salary fee ($30); security fee ($5); record management fee ($5); clerk's fee ($40); court reporter service fee ($15); bailiff fee ($30); law library fund fee ($15); appellate fee ($5); and mediation fund fee ($10).

[3]Rule 143a provides: "If the applicant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted."

is unable to pay the costs of appeal, or give security therefor, to file an affidavit of inability swearing to such facts. Tex. R. Civ. P. 572. Rule 573 deems an appeal from a justice court perfected when either an appeal bond or an affidavit of inability has been filed.[4]

Your question regarding the effect of the filing of a rule 571 appeal bond is answered by *Almahrabi v. Booe*, 868 S.W.2d 8 (Tex. App.--El Paso 1993, no writ). In that case, a justice court entered a default judgment against Mr. Almahrabi in the amount of $5,000, plus $40 in costs. *Id.* at 9. Attempting to perfect his appeal to the county court at law, Mr. Almahrabi properly filed a $10,000 appeal bond in the justice court. *Id.* The El Paso County Clerk's office notified him that the costs of the appeal must be paid to the clerk's office within twenty days of the date of the notice or, in accordance with rule 143a, the appeal would be deemed not perfected. *Id.* Mr. Almahrabi failed to pay the costs to the county clerk within the requisite time, and the county court dismissed the appeal for lack of jurisdiction. *Id.*

The issue for the court of appeals was whether Mr. Almahrabi's $10,000 appeal bond was sufficient to perfect his appeal. *Id.* The court said:

> In order to perfect an appeal to the county or district court from a justice court, an appellant must:
>
> (1) file an appeal bond as required by Rule 571 or file an affidavit of inability to pay under Rule 572; and
>
> (2) pay to the county clerk, within 20 days after being notified to do so by the county clerk, the costs on appeal as required by Rule 143a.
>
> Compliance with each of the above requirements is jurisdictional, and as the language in Rule 573 indicates, only compliance therewith will act to perfect the appeal.

*Id.* at 10 (footnote omitted). Mr. Almahrabi argued that the $10,000 appeal bond satisfied rules 571 and 143a. The court disagreed. Rule 571 required appellant to file a bond in an amount double the judgment. The judgment against him was for $5,000, so his $10,000 bond covered the requirement of rule 571. The amount of the bond was insufficient, however, to satisfy the $110 in appeal costs requested by the county court. *Id.* Appellant did not comply with rule 143a, the appeal was not perfected, and the county court was without jurisdiction to hear the case. *Id.*

The *Almahrabi* court reasoned that the appeal bond required by rule 571 for justice court appeals is analogous to the supersedeas bond required by rule 47(a) of the Texas Rules of Appellate

---

[4]Rule 573 provides: "When the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with, the appeal shall be held to be perfected."

Procedure for appeals from county and district courts to courts of appeals.[5]  The purpose of the supersedeas bond is to suspend execution of the judgment and secure the appellee against any loss or damages occasioned by the appeal pending a final determination.  Tex. R. App. P. 47(a).  An appellant to a court of appeals may also be required to file a cost bond, pursuant to appellate rule 40, for the purpose of securing the trial court and the appellate court of the costs of appeal.  *See Vickery v. Porche*, 848 S.W.2d 855, 856-57 (Tex. App.--Corpus Christi 1993, no writ) (stating purpose of cost bond).  A supersedeas bond may serve as a cost bond if it is sufficient to secure the costs.  Tex. R. App. P. 47(a).  Analogizing the rule 571 appeal bond to a supersedeas bond, the *Almahrabi* court ruled that Mr. Almahrabi's appeal bond did not satisfy the county court's request for costs because the amount of the bond was not in an amount sufficient to secure the costs.

We construe the *Almahrabi* court's ruling to mean that if the appellant in that case had filed an appeal bond in the amount of $10,110, he would have complied with rule 571 and rule 143a, and his appeal would have been perfected.  An appellant from a justice court who files an adequate appeal bond pursuant to rule 571 complies with rule 143a if the bond is in an amount sufficient to cover the costs of appeal.

You advocate construing *Almahrabi* to require an appellant to comply with rule 143a separately from rule 571.  "Nothing in Rule 571," you say, "appears to provide any protection for the County Clerk."  The appeal bond required by rule 571 must be made payable to the appellee and is made for the purpose of securing the appellee.  Rule 143a, you argue, is intended to ensure that court costs are paid to the county clerk if an appeal is to proceed.  You would require an appellant to comply with rule 143a even when the appellant is a plaintiff whose claim was denied in whole or in part, in which case rule 571 requires that bond be in an amount sufficient to cover the estimated costs in the county court.  Tex. R. Civ. P. 571.

We do not believe the *Almahrabi* decision may be construed in that way.  Although the court stated that an appellant must comply with both rules 143a and 571, the court, analogizing a justice court appeal bond to a supersedeas bond, stated that a supersedeas bond may serve as a cost bond if it is sufficient to secure the costs.  The court upheld the dismissal of Mr. Almahrabi's appeal on the grounds that the amount of the bond was insufficient.  "Appellant is $110 short," the court said. *Almahrabi*, 868 S.W.2d at 10.  We can only assume that if Mr. Almahrabi's bond had been in the amount of $10,110, the court would have ruled that his appeal was perfected.

We turn now to your question regarding the effect of the filing of an affidavit of inability pursuant to rule 572.  Rule 572 provides:  "Where appellant is unable to pay the costs of appeal, or give

---

[5]Rule 47(a) provides:  "[A] judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond to be approved by the clerk, subject to review by the court on hearing, or making the deposit provided by rule 48, payable to the judgment creditor in the amount provided below, conditioned that the judgment creditor shall prosecute his appeal or writ of error with effect and, in case the judgment of the Supreme Court or court of appeals shall be against him, he shall perform its judgment, sentence or decree and pay all such damages and costs as said court may award against him."

security therefor, he shall nevertheless be entitled to appeal by making strict proof of such inability within five days after the judgment or order overruling motion for new trial is signed . . . ." Tex. R. Civ. P. 572. The affidavit of inability may be contested by the appellee and, if the justice court denies appellant's right of appeal upon the affidavit, the matter will be heard by the county judge. *Id.*

Rule 572 recognizes the principle set out in the Texas Constitution that courts must be open to all persons with legitimate disputes, not just those who can afford to pay the fees to get in. *See* Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him . . . shall have remedy by due course of law."); *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996). The rule was intended to allow a person unable to pay costs or to give security therefor to perfect an appeal. An appellant from a justice court who files an affidavit of inability pursuant to rule 572 is not required to comply with a request for payment of costs made pursuant to rule 143a in order to perfect an appeal.[6]

---

[6]Rule 145 of the Texas Rules of Civil Procedure, which allows a party filing an original action to file an affidavit of inability to pay costs, might also apply to appeals from justice courts, since justice court appeals are filed as original actions and tried de novo. We do not believe that the rules require an appellant to file a rule 145 affidavit if an affidavit has already been filed pursuant to rule 572.

## S U M M A R Y

An appellant from a justice court who files an appeal bond in compliance with rule 571 of the Texas Rules of Civil Procedure also complies with rule 143a of the rules if the bond is in an amount sufficient to cover the costs of appeal. An appellant from a justice court who files an affidavit of inability pursuant to rule 572 is not required to comply with a request for payment of costs made pursuant to rule 143a in order to perfect an appeal.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General