Opinion issued January 24, 2008 





 



 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00532-CV

____________


STELLA SALMERON, Appellant


V.


T-MOBILE WEST CORPORATION, Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 890659






MEMORANDUM OPINION

 Appellant, Stella Salmeron, challenges the county court at law's order
dismissing her appeal of a justice of the peace court judgment in favor of appellee,
T-Mobile West Corporation ("T-Mobile"). In her sole issue, Salmeron contends that
the county court at law erred in dismissing her appeal for lack of jurisdiction.

 We affirm the order of the county court at law dismissing the case for lack of
jurisdiction.

Procedural Background

 Salmeron, seeking to recover $1,300 in damages, sued T-Mobile. After a trial,
the justice of the peace court signed its April 2, 2007 judgment, in which it ordered
that Salmeron take nothing and awarded T-Mobile $1,713, plus court costs and
interest. On April 16, 2007, Salmeron, seeking to appeal the justice of the peace
court's judgment to the county court at law, filed an appeal bond.

 On April 25, 2007, T-Mobile moved to dismiss Salmeron's appeal to the
county court at law on the ground that Salmeron had not filed her appeal bond within
ten days of the date that the justice of the peace court signed its judgment. (1) The
county court at law, concluding that it lacked jurisdiction over the appeal, granted T-Mobile's motion.

Jurisdiction

 In her sole issue, Salmeron argues that the county court at law erred in
dismissing her appeal for lack of jurisdiction because it "failed to follow the statutory
interpretation requirements for allowing [an] appeal under the Texas Rules of Civil
Procedure."

 Whether a party timely files an appeal bond in order to confer jurisdiction in
a county court at law presents a legal question, which we review de novo. Williams
v. Schneiber, 148 S.W.3d 581, 583 (Tex. App.--Fort Worth 2004, no pet.); see
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). To perfect such
an appeal, a party has ten days from "the date a judgment or order overruling [a]
motion for new trial is signed" to file an appeal bond with the justice of the peace
court. Tex. R. Civ. P. 571. If the appeal bond is not timely filed, the county court is
without jurisdiction to hear the appeal. Schneiber, 148 S.W.3d at 583; Searcy v.
Sagullo, 915 S.W.2d 595, 597 (Tex. App.--Houston [14th Dist.] 1996, no writ);
Meyers v. Belford, 550 S.W.2d 359, 359-60 (Tex. Civ. App.--El Paso 1977, no writ).

 Here, Salmeron filed her appeal bond 14 days after the justice of the peace
court signed its judgment. Accordingly, we hold that the county court at law did not
err in dismissing Salmeron's appeal for lack of jurisdiction.

 We overrule Salmeron's sole issue. (2) 

Conclusion

 We affirm the order of the county court at law dismissing the case for lack 


jurisdiction.

 




 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland. 
1. See Tex. R. Civ. P. 571. Also, Salmeron did not file a motion for new trial.
2. We construe T-Mobile's motion to dismiss as a plea to the jurisdiction. See Young
v. Villegas, 231 S.W.3d 1, 3 (Tex. App.--Houston [14th Dist.] 2007, pet. filed). A
plea to the jurisdiction is a dilatory plea, "the purpose of which is to defeat a cause of
action without regard to whether the claims asserted have merit." Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Thus, because we have held that the
trial court did not err in dismissing Salmeron's appeal for lack of jurisdiction, we do
not consider Salmeron's assertion that the county court at law violated her due process
rights by not providing her an interpreter.