Opinion filed August 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00230-CV

                                                    __________

 

                                   DEVORAH
AIKMAN, Appellant

 

                                                             V.

 

                               CITY
OF STEPHENVILLE, Appellee



 

                                  On
Appeal from the County Court at Law

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CV07344

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Devorah
Aikman attempts to appeal from an order issued by the County Court at Law of
Erath County.  For the reasons discussed below, we dismiss.

            This
attempted appeal arises from the seizure of two horses under Section 821.022 of
the Texas Health and Safety Code.  Tex.
Health & Safety Code Ann. § 821.022 (West 2010).  These horses were
apparently under the care and custody of Aikman.  After a hearing under former Section
821.023 of the Health and Safety Code,[1] the Justice
of the Peace of Precinct 1 in Erath County issued an order to sell or dispose
of the horses.  In an attempt to appeal to the County Court at Law of Erath
County, Aikman filed an “Affidavit of Inability to Pay” in the justice court,
which was filed eight days after the justice court’s order and, therefore, was
not in compliance with the five-day requirement of Tex. R. Civ. P. 572.  The county court at law held a hearing
and issued an “Order Rejecting Affidavit of Inability to Pay.”  When Aikman failed
to file a bond as ordered, the county court at law issued an order dismissing
the cause based upon Aikman’s failure to prosecute.  Aikman filed a notice of
appeal in this court in which she stated her intent to appeal the order
rejecting her affidavit of inability to pay.

            To
perfect an appeal from justice court, a party must either file an affidavit of
inability to pay in compliance with Rule 572 or an appeal bond in compliance
with Rule 571.  Tex. R. Civ. P.
571–573.  With respect to animal seizures, the relevant statute specified that,
as a condition of perfecting an appeal from justice court to county court, the
owner of the animal must file a notice of appeal and a cash or surety bond in
an amount set by the court.  Former Section 821.025(a).  These must be filed no
later than ten days after the date of the justice court’s order divesting the
owner of ownership.  Id.  Aikman did not timely file a bond as required. 
Nor did Aikman timely file her affidavit of inability to pay pursuant to Rule
572.  Thus, she failed to perfect an appeal from the justice court to the
county court at law, and the county court at law properly dismissed the cause. 
See former Section 821.025(a); Tex.
R. Civ. P. 143a, 573; see also Walker v. Crowell, 299 S.W.3d 512,
514 (Tex. App.—Tyler 2009, pet. dism’d w.o.j.); Searcy v. Sagullo, 915
S.W.2d 595 (Tex. App.—Houston [14th Dist.] 1996, no writ); Almahrabi v. Booe,
868 S.W.2d 8 (Tex. App.—El Paso 1993, no writ); Meyers v. Belford, 550
S.W.2d 359 (Tex. Civ. App.—El Paso 1977, no writ).  Because the county court at
law was without jurisdiction, we are also without jurisdiction.  Meyers,
550 S.W.2d at 360.

Moreover, former Section 821.025(a) specifically provided,
“The decision of the county court or county court at law under this section is
final and may not be further appealed.”[2]  This
provision, which was added by the legislature in 2009, makes it clear that the
judgment of a county court at law in this type of case is final and that no
appeal may be taken to a court of appeals.  Gracia v. State, No.
14-11-00241-CV, 2012 WL 2928576 (Tex. App.—Houston [14th Dist.] July 19, 2012,
no pet. h.) (mem. op.).  For this additional reason, we lack jurisdiction to
consider Aikman’s appeal.  Id.

            Accordingly,
the appeal is dismissed for want of jurisdiction.

            

 

ERIC KALENAK

JUSTICE

 

August 23, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]We note that some of the sections in Chapter 821 of the
Health and Safety Code were amended effective September 1, 2011, but that the
former version of the amended sections remains in effect for purposes of this
case.  See Act of May 24, 2011, 82d Leg., R.S., ch. 1278, §§ 1–7, 2011 Tex. Gen. Laws 3564; see also former Tex. Health & Safety Code § 821.021
(1989), § 821.023 (2007), § 821.024 (2003), § 821.025 (2009).





[2]We note that this exact provision is also found in the
current version of the statute.  Tex. Health
& Safety Code Ann. § 821.025(e) (West Supp. 2012).