**Opinion filed August 23, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00230-CV

_____

## DEVORAH AIKMAN, Appellant

## V.

## CITY OF STEPHENVILLE, Appellee

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. CV07344**

### M E M O R A N D U M   O P I N I O N

Devorah Aikman attempts to appeal from an order issued by the County Court at Law of Erath County. For the reasons discussed below, we dismiss.

This attempted appeal arises from the seizure of two horses under Section 821.022 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 821.022 (West 2010). These horses were apparently under the care and custody of Aikman. After a hearing under former Section 821.023 of the Health and Safety Code,[1] the Justice of the Peace of Precinct 1 in

---

[1]We note that some of the sections in Chapter 821 of the Health and Safety Code were amended effective September 1, 2011, but that the former version of the amended sections remains in effect for purposes of this case. *See* Act of May 24, 2011, 82d Leg., R.S., ch. 1278, §§ 1–7, 2011 Tex. Gen. Laws 3564; s*ee also* former TEX. HEALTH & SAFETY CODE § 821.021 (1989), § 821.023 (2007), § 821.024 (2003), § 821.025 (2009).

Erath County issued an order to sell or dispose of the horses. In an attempt to appeal to the County Court at Law of Erath County, Aikman filed an "Affidavit of Inability to Pay" in the justice court, which was filed eight days after the justice court's order and, therefore, was not in compliance with the five-day requirement of TEX. R. CIV. P. 572. The county court at law held a hearing and issued an "Order Rejecting Affidavit of Inability to Pay." When Aikman failed to file a bond as ordered, the county court at law issued an order dismissing the cause based upon Aikman's failure to prosecute. Aikman filed a notice of appeal in this court in which she stated her intent to appeal the order rejecting her affidavit of inability to pay.

To perfect an appeal from justice court, a party must either file an affidavit of inability to pay in compliance with Rule 572 or an appeal bond in compliance with Rule 571. TEX. R. CIV. P. 571–573. With respect to animal seizures, the relevant statute specified that, as a condition of perfecting an appeal from justice court to county court, the owner of the animal must file a notice of appeal and a cash or surety bond in an amount set by the court. Former Section 821.025(a). These must be filed no later than ten days after the date of the justice court's order divesting the owner of ownership. *Id.* Aikman did not timely file a bond as required. Nor did Aikman timely file her affidavit of inability to pay pursuant to Rule 572. Thus, she failed to perfect an appeal from the justice court to the county court at law, and the county court at law properly dismissed the cause. *See* former Section 821.025(a); TEX. R. CIV. P. 143a, 573; *see also Walker v. Crowell*, 299 S.W.3d 512, 514 (Tex. App.—Tyler 2009, pet. dism'd w.o.j.); *Searcy v. Sagullo*, 915 S.W.2d 595 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Almahrabi v. Booe*, 868 S.W.2d 8 (Tex. App.—El Paso 1993, no writ); *Meyers v. Belford*, 550 S.W.2d 359 (Tex. Civ. App.—El Paso 1977, no writ). Because the county court at law was without jurisdiction, we are also without jurisdiction. *Meyers*, 550 S.W.2d at 360.

Moreover, former Section 821.025(a) specifically provided, "The decision of the county court or county court at law under this section is final and may not be further appealed."[2] This provision, which was added by the legislature in 2009, makes it clear that the judgment of a county court at law in this type of case is final and that no appeal may be taken to a court of appeals. *Gracia v. State*, No. 14-11-00241-CV, 2012 WL 2928576 (Tex. App.—Houston [14th

---

[2]We note that this exact provision is also found in the current version of the statute. TEX. HEALTH & SAFETY CODE ANN. § 821.025(e) (West Supp. 2012).

Dist.] July 19, 2012, no pet. h.) (mem. op.).  For this additional reason, we lack jurisdiction to consider Aikman's appeal. *Id.*

Accordingly, the appeal is dismissed for want of jurisdiction.


ERIC KALENAK

JUSTICE


August 23, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.