

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00093-CV

_____

LEE MILLER, Appellant

V.

R. HENDERSON, ET AL., Appellees

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 10C0951-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Lee Miller appeals the dismissal of his Chapter 14 lawsuit by the County Court at Law. We affirm the judgment of the trial court.

### I. Background

Lee Miller is an inmate of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID), currently housed at the Telford Unit in New Boston. Miller filed a pro se and *in forma pauperis* lawsuit against defendants Rosalind Henderson, David Hudson, Nita Burgess, Casterderia Peters, and Susan Bauer,[1] all employees of the TDCJ-CID, alleging numerous violations of his civil rights after defendants allegedly lost certain items of Miller's personal property.[2] The lawsuit was filed in January 2010 in the Justice Court of Bowie County, Precinct 2, Place 1.[3]

Miller's Chapter 14 claims were dismissed by the Justice Court on April 6, 2010, for "failure to comply with Chapter Fourteen of the Texas Civil Practice and Remedies Code." On May 7, 2010, Miller filed his notice of appeal of the Justice Court's dismissal order to the

---

[1]These defendants, who are appellees here and in the court below, will jointly be referred to as "Henderson."

[2]Chapter 14 of the Texas Civil Practice and Remedies Code applies to an inmate lawsuit in which an affidavit or unsworn declaration of inability to pay costs is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012).

[3]Specifically, Miller alleged that in March 2009, he was transferred inside the prison, at which time certain items of personal property were misplaced. These items have allegedly never been returned.

County Court at Law of Bowie County.[4]   On June 28, 2010, Miller filed an affidavit of inability to pay costs in the County Court at Law.

Thereafter, in August 2012, Henderson filed a motion in the County Court at Law to dismiss Miller's appeal, alleging that Miller did not timely file his notice of appeal.[5]   Henderson claimed that because Miller's notice of appeal was untimely, the County Court at Law had no jurisdiction over the appeal.   Henderson further moved for dismissal for want of prosecution, contending that Miller took no action to prosecute his appeal since the filing of the June 2010 affidavit.   On August 29, 2012, the County Court at Law entered an order dismissing Miller's appeal.[6]   In September 2012, Miller filed a document in the County Court at Law requesting that his lawsuit be reinstated.[7]   In the present appeal, Miller complains of the dismissal of his lawsuit by the County Court at Law.[8]   Henderson claims Miller failed to perfect his appeal in the County Court at Law.

---

[4]Section 51.001 of the Texas Civil Practice and Remedies Code allows for an appeal from a final judgment to the county or district court.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (West 2008).

[5]Henderson alleged that the deadline for filing such notice was "on or about May 6, 2010," citing Rule 26.1 of the Texas Rules of Appellate Procedure.  TEX. R. APP. P. 26.1.  Henderson further alleged that Miller did not file his notice of appeal until sixty-five days after the final judgment was entered.  In the current appeal, Henderson concedes that erroneous dates were listed for Miller's filings in the motion to dismiss filed in the County Court at Law.

[6]The order did not state the reason(s) for the dismissal.

[7]Miller also filed four separate notices of appeal, three of which included briefing on the issue of the merits of the dismissal of his claims by the Justice Court.

[8]Jurisdiction over an appeal of a justice court judgment lies in the county or district court.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.001. The cause is tried de novo in the county court.  TEX. R. CIV. P. 574b.  After obtaining a final, appealable order or judgment from the county or district court, an appellant may invoke the jurisdiction of the court of appeals.  *Tejas Elevator Co. v. Concord Elevator, Inc.*, 982 S.W.2d 578, 579 (Tex. App.—Dallas 1998, no pet.); *see* TEX. GOV'T CODE ANN. §§ 28.052–.053 (West Supp. 2012) (authorizing, in claims originating in small claims court, appeal to court of appeals following trial de novo in county court); *see also* TEX. GOV'T CODE ANN.

## II.    Standard of Review

The requirements for perfecting an appeal from a justice court to a county court are jurisdictional. *Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ). We, therefore, review de novo the trial court's dismissal of Miller's lawsuit. *See TRST Corpus, Inc. v. Fin. Ctr, Inc.*, 9 S.W.3d 316, 320 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (because question of subject-matter jurisdiction is legal question, ruling on plea to jurisdiction is reviewed de novo).[9]

## III.    Jurisdiction

Henderson contends that because Miller failed to timely perfect his appeal from the Justice Court to the County Court at Law, the County Court at Law did not have jurisdiction over Miller's appeal.[10] From this premise, Henderson claims this Court, therefore, lacks jurisdiction over the appeal from the County Court at Law.[11] We agree.

To perfect an appeal from a justice court to a county court, the appealing party must file either an appeal bond or an affidavit of inability to pay. TEX. R. CIV. P. 571–73;[12] *Rowe v.*

---

§ 22.220(a) (West Supp. 2012) ("each court of appeals has appellate jurisdiction of all civil cases within its district of which the district or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs").

[9]While Henderson did not file a plea to the jurisdiction, his motion to dismiss was based, in part, on the county court's lack of jurisdiction over Miller's appeal.

[10]Although Henderson did not raise the precise issue in the trial court that is raised on appeal, subject-matter jurisdiction challenges cannot be waived and may be raised for the first time on appeal. *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000).

[11]Miller's appellate brief presents arguments regarding the applicability and constitutionality of Chapter 14 as applied to his case. It does not address jurisdictional issues.

[12]Rule 571 addresses the requirements of an appeal bond. TEX. R. CIV. P. 571.

4

*Watkins*, 340 S.W.3d 860, 862–63 (Tex. App.—El Paso 2011, no pet.) (compliance with appellate requirements of Rule 571 is jurisdictional). Rule 572 requires an appellant who is unable to pay the costs of an appeal or to provide security for those costs to file an affidavit of such inability "within five days after the judgment or order overruling motion for new trial is signed . . . ." TEX. R. CIV. P. 572. According to Rule 573, the appeal is perfected "[w]hen the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with . . . ." TEX. R. CIV. P. 573. Whenever an appeal has been perfected from the justice court, the cause shall be tried de novo in the county court and judgment shall be rendered. *See* TEX. R. CIV. P. 574b.

The aforementioned requirements have been interpreted as jurisdictional. In *Almahrabi*, the court stated:

> In order to perfect an appeal to the county or district court from a justice court, an appellant must:
>
> (1)     file an appeal bond as required by Rule 571 or file an affidavit of inability to pay under Rule 572; and
>
> (2)     pay to the county clerk, within 20 days after being notified to do so by the county clerk, the costs on appeal as required by Rule 143a.
>
> Compliance with each of the above requirements is jurisdictional, and as the language in Rule 573 indicates, only compliance therewith will act to perfect the appeal.

*Almahrabi*, 868 S.W.2d at 10; *see also Litoff v. Meadows Serv. Corp*., 352 S.W.3d 894, 896 (Tex. App.—Dallas 2011, no pet.) (compliance with Rules 571 and 573 is jurisdictional); *Ashley Furniture Indus., Inc. v. The Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App.—El Paso 2010, no pet.).

In lieu of posting a bond, Miller filed an affidavit of indigence in the County Court at Law. Rule 572 requires that affidavits of indigence be filed within five days of the date the judgment of the justice court is signed. TEX. R. CIV. P. 572. Here, the Justice Court's dismissal order was entered on April 6, 2010. Miller's affidavit was filed on June 28, 2010.[13] Because the affidavit of indigence was not filed within five days of the date of judgment, it does not meet the requirements of Rule 572. Miller's appeal in the County Court at Law was, therefore, never perfected. Accordingly, we hold that the County Court at Law was without jurisdiction to entertain Miller's appeal.[14]

Insofar as the County Court at Law was without jurisdiction to entertain Miller's appeal, this Court is likewise without jurisdiction.

## IV. Conclusion

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     February 13, 2013
Date Decided:       February 21, 2013

---

[13] A pro se inmate's petition is deemed filed when prison authorities receive the document for mailing. *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004). Here, the certificate of service on the affidavit of inability pay costs is undated. The unsworn declaration and verification of the affidavit is dated June 21, 2010. Even assuming prison authorities received the affidavit for mailing on June 21, 2010, this date exceeds the five-day deadline set forth in Rule 572.

[14] Henderson also claims that the County Court at Law was without jurisdiction to entertain Miller's appeal because the notice of appeal was untimely and that, in any event, the court was within its discretion to dismiss the appeal for want of prosecution. Because the failure to comply with Rule 572 is dispositive, we do not address these issues.