

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00090-CV

EVANGELOS PAGONIS, APPELLANT

V.

CATHERINE THOMAS, APPELLEE

On Appeal from the County Court
Hartley County, Texas
Trial Court No. 645, Honorable Ronnie Gordon, Presiding

August 10, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Evangelos Pagonis, appeals the Hartley County Court's judgment, on trial *de novo* from the Justice Court of Hartley County, granting Thomas's motion to dismiss filed pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. On appeal, he contends, it seems, that both courts erred by dismissing his action against Thomas. In doing so, he relies heavily on a recitation of the factual basis for his suit in which he claims Thomas stole a calendar from his cell. We will vacate the county court's judgment and dismiss the instant appeal for want of jurisdiction.

Factual and Procedural History

On July 26, 2013, Pagonis, an inmate proceeding *pro se*, brought in the Justice Court of Hartley County a theft action against Thomas, a correctional officer at the unit at which Pagonis is housed. Thomas filed her answer and a Chapter 14 motion to dismiss, the latter of which the justice court granted by order signed September 26, 2013. Thereafter, Pagonis made efforts in appealing the justice court's judgment of dismissal to the Hartley County Court by filing documents in the county court.

Pagonis also filed a petition for writ of mandamus in the 69th District Court, asking that court to compel the District/County Clerk of Hartley County to accept his notice of appeal from the justice court's judgment. The district court denied his petition on September 18, 2014, noting that Pagonis had failed to perfect his appeal from the justice court. The district/county clerk reminded Pagonis by letter dated October 22, 2014, that he had not perfected his appeal from the justice court to the county court. On December 5, 2014, the county court signed a judgment granting Thomas's Chapter 14 motion to dismiss and dismissing Pagonis's action as frivolous. Pagonis now attempts to appeal from the county court's dismissal to this Court. We will dismiss his purported appeal.

Applicable Law

"A party may appeal a judgment by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay *with the justice court* within [twenty-one] days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied." TEX. R. CIV. P. 506.1(a) (emphasis added). A person seeking to

perfect appeal may satisfy this requirement by timely filing with the justice court the same statement of inability to pay that he filed with the original petition in justice court. TEX. R. CIV. P. 506.1(d)(1). Nonetheless, Rule 506.1(a) makes it clear that another sworn statement of inability to pay must be filed—or re-filed, if using the same statement—with the justice court within twenty-one days after judgment was signed in that court. Only when a party files in accordance with these rules a bond, cash deposit, or statement of inability to pay does he perfect an appeal from a justice court's judgment. TEX. R. CIV. P. 506.1(h). An appeal must not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the appellant, after [seven] days' notice from the court, the opportunity to correct such defect. TEX. R. CIV. P. 506.1(g).

Analysis

Pagonis cites two documents by which he claims to have complied with the rules regarding perfection of an appeal from a justice court's judgment. First, he directs us to an entry from the justice court's cause activity list dated July 29, 2013, on which date the justice court noted the filing of Pagonis's application to proceed in forma pauperis. To the extent we would even consider an entry such as this, we note that such acknowledgement of filing precedes the date of judgment and appears to relate to the filing of Pagonis's petition in justice court, not as a means of perfecting his appeal from the not-yet-signed judgment in that cause. As stated, a plain reading of Rule 506.1(a) indicates that the rules require that a party wishing to appeal file another statement of inability to pay—even if it is substantively the same statement—*after* the justice court signs its judgment. To conclude that Pagonis perfected appeal from a judgment by

3

filing the required statement of inability to pay when he filed his original action would mean that appeal from every judgment involving an indigent party is perfected upon filing of the action itself—before the judgment is ever signed—and would render Rule 506.1's perfection requirements meaningless. We decline to adopt such an interpretation of the rules. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (observing that courts should not interpret a provision "in a manner that renders any part of the statute meaningless or superfluous").

Second, Pagonis cites to his statement of inability to pay first filed with the justice court on July 26, 2013, in relation to his then-pending action in that court—presumably the statement noted as filed on July 29 in the justice court's cause activity list—and later filed on February 7, 2014, with the district/county clerk, after the justice court dismissed his action. In neither filing, does Pagonis comply with the specific rules for perfecting an appeal from the justice court's judgment. Again, the filing in the justice court precedes the date judgment was signed by that court. Further, filing the statement with the district/county clerk on any date would not serve to perfect appeal when the rules require filing of the statement in the justice court. We do note, however, that Pagonis filed his statement with the district/county clerk on February 7, 2014, after the county court purportedly dismissed his cause and well outside the twenty-one-day period following the signing of the justice court's order.[1]

---

[1] We note that Thomas takes the position that Pagonis was given seven days' notice of the defect by the 69th District Court's order on his petition for writ of mandamus relating to this matter but filed as another cause. Indeed, it appears that the district court's order denying Pagonis's petition signed September 18, 2013, does alert Pagonis to the fact that he has not filed his statement of inability to pay with the justice court clerk—instead, he filed it with the district/county clerk. Having determined that Pagonis did not perfect his appeal from the justice court by filing a statement of inability to pay with the justice court at any time following its judgment, we need not and do not pass on whether the district

4

Compliance with the rules regarding perfection of an appeal from a justice court's judgment has been treated as a jurisdictional prerequisite. *See Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ) (characterizing requirements under previous version of rules as jurisdictional); *see also Coomer v. Alvarez*, No. 07-12-00544-CV, 2014 Tex. App. LEXIS 3455, at *5 (Tex. App.—Amarillo Mar. 28, 2014, pet. denied) (mem. op.) (same). This means that Pagonis, by failing to satisfy Rule 506.1's requirements, never invoked the jurisdiction of the county court. *See Coomer*, 2014 Tex. App. LEXIS 3455, at *8–9. That said, the county court's order granting Thomas's Chapter 14 motion to dismiss is void. We lack jurisdiction to consider the merits of an appeal from a void judgment. *See Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864 (Tex. App.—Houston [14th Dist.] 1997, no writ).

## Conclusion

In the absence of a perfected appeal, the county court was without jurisdiction to entertain Pagonis's appeal from the justice court's dismissal of his action, and this Court likewise lacks jurisdiction over the appeal. *See Almahrabi*, 868 S.W.2d at 10. Accordingly, we vacate the county court's judgment and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e).

Mackey K. Hancock
Justice

_____
court's order on Pagonis's petition for writ of mandamus would serve as seven days' notice "by the court" required by Rule 506.1(g).

5